## Theodore Stakowski et al., Appellees, v. Stephen Stakowski et al., Appellants.

## Gen. No. 7,391.

Appeal and error—*affirmance for insufficiency of abstract on appeal.* Under rule 16 of this court, providing that a party bringing a cause to this court shall file an abstract of the record which must be sufficient for a full understanding of the questions presented where the abstract is insufficient so that the court does not feel justified in searching the record to determine if there was any error in the decree, it will be assumed that the trial court was correct and its decree will be affirmed.

Appeal by defendants from the Circuit Court of Woodford county; the Hon. Stevens R. Baker, Judge, presiding. Heard in this court at the October term, 1924. Affirmed. Opinion filed January 31, 1925.

Fort & Fort, for appellants.

Edward F. Riely and Kennedy & Kennedy, for appellees; Kaywin Kennedy, of counsel.

Mr. Justice Partlow delivered the opinion of the court.

Appellees, Theodore Stakowski and Stanley Stakowski who were brothers, filed their bill in the circuit court of Woodford county against their brothers, Joseph, Stephen, Frank and William Stakowski, for partition of certain real estate in Woodford county. A decree of partition was entered, there was a sale of the property, appellants made objections to the sale and decree of distribution, which objections were overruled and this appeal was prosecuted. It is stated by appellants that the appeal is from the decree of distribution only.

The evidence shows that John Stakowski died intestate May 17, 1917, owning a house and lot in Minonk, Woodford county, leaving his widow and six

sons, who are the parties to this suit. The widow occupied the property until sometime in the latter part of 1921 or the fore part of 1922. The property was in a bad state of repair and appellees decided to make repairs. They moved the building back twenty-four feet, raised it four or five feet on its foundation, put on a new roof and made other repairs, amounting to about $2,401.88. Appellant, Stephen Stakowski, claims these repairs were made without his consent. When the bill was filed for partition, appellees asked credit for the repairs. The cause was referred to the master who found that the property was worth about $700 before the repairs were made, and that the repairs amounted to $2,401.88. The property sold for $2,075, the court allowed appellees $1,375 for the repairs, and ordered $700 distributed as the fair, cash, market value of the property before the improvements were made.

Rule 16 of this court provides that a party bringing a cause to this court shall file an abstract of the record which shall state in concise form so much as may be necessary of the pleadings, the orders, and the judgment or decree. The evidence shall be given in narrative form so as to clearly present its substance. The abstract must be sufficient for a full understanding of the questions presented. That rule has not been complied with in this case. The record contains 117 pages which have been abstracted into 15 pages. The abstract of the bill merely sets out the death of the ancestor, the description of the property, the heirs, and that appellees have expended large sums of money in improvements for which they asked to be compensated. The answer is abstracted into a few lines. The amended and supplemental bill is abstracted into four lines. The evidence is set out a little more fully, as is also the finding of the master. Objections were filed to the master's report which were overruled. There is nothing in the abstract to

show that the objections were renewed as exceptions in the trial court, or that there was any hearing upon the exceptions. There is a short statement of the opinion of the court but it does not make any finding. The decree of sale is not abstracted but merely recites that the master shall sell the premises and bring the money into court. The decree of distribution which apparently covers five pages of the record is abstracted as "decree of distribution." There is no statement in the abstract as to what the decree of distribution contains, although the appeal involves that decree and nothing else.

This court has had abstracts of this kind before it on many occasions and has uniformly held that the abstract should be sufficient to present every error assigned so it will not be necessary to search the record to find any alleged errors. We do not feel justified in searching this record in order to determine whether there was any error in the decree of distribution. We will assume that the trial court was correct and the decree will be affirmed.

*Decree affirmed.*